UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADHURI TRIVEDI,

                Plaintiff,

-against-

GENERAL ELECTRIC COMPANY, *et al.*,

                Defendants.

22-CV-8453 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On October 5, 2022, the Court transferred Plaintiff's action to the United States District Court for the District of Massachusetts. (ECF No. 4.) On October 7, 2022, Plaintiff filed a motion challenging the October 5, 2022, transfer order. Because Plaintiff filed the motion for reconsideration before this action had been transmitted to the transferee court, this Court had jurisdiction to consider Plaintiff's motion, and by order dated October 12, 2022, the Court denied Plaintiff's motion for reconsideration. (ECF No. 6.) On October 12, 2022, this case was electronically transferred to the United States District Court for the District of Massachusetts.

    On October 13, 2022, Plaintiff filed a motion requesting that the Court reconsider its October 12, 2022, order. (ECF No. 7.) Because this Court no longer has jurisdiction of the action, Plaintiff must make any motion challenging the transfer order in the District of Massachusetts. All other requests must also be made in the District of Massachusetts.

## DISCUSSION

    The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over

the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the District of Massachusetts on October 5, 2022, and the Clerk of Court electronically transferred the case to the District of Massachusetts on October 12, 2022. The next day, on October 13, 2022, Plaintiff filed a motion seeking reconsideration. Because this Court no longer has jurisdiction of the action, if Plaintiff wishes to challenge the transfer, she must do so in the District of Massachusetts. Any other relief that Plaintiff seeks must also be requested in the District Court of Massachusetts. The Court denies Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

Plaintiff's request for reconsideration (ECF No. 7) is denied. The Clerk of Court is directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 13, 2022, 2022
        New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge